THE SUNTAG LAW FIRM
A Professional Corporation
DANA A. SUNTAG (California State Bar No. 125127)
LORIS L. BAKKEN (California State Bar No. 215033)
The Kress Building
20 North Sutter Street, Fourth Floor
Stockton, California 95202
Telephone: (209) 943-2004
Facsimile: (209) 943-0905

Attorneys for Chapter 7 Trustee
ERIC J. NIMS

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

IN RE:

MELITON AZPERA and
MARIA DELOURDES AZPERA,

Debtors.

NO: 11-39441-A-7

DC No.: SLF 3

MOTION FOR AUTHORIZATION TO SELL PROPERTY AT PUBLIC AUCTION

Date: January 17, 2012
Time: 10:00 a.m.
Place: Department A
Honorable Michael S. McManus

MOTION FOR AUTHORIZATION TO SELL
PROPERTY AT PUBLIC AUCTION                 1

Chapter 7 Trustee Eric J. Nims respectfully moves for authorization to sell personal property of the estate at public auction. The Trustee believes the proposed sale of the personal property is in the best interests of the creditors and this Court should approve it pursuant to Bankruptcy Code Sections 363(b) and (f).

The Trustee represents the following:

1. On August 10, 2011, the Debtors filed this case. Mr. Nims was appointed Chapter 7 Trustee.

2. The Debtors scheduled the following personal property (the "Vehicles"):
    a. 2002 Cadillac Escalade, VIN # 1GYEK63N32R238413, which the Debtors valued at $7600 and in which they did not claim any exemption.
    b. 1999 Bayliner boat, VIN # BL3B45CXA999, which the Debtors valued at $4500 and in which they did not claim any exemption.

3. At the Trustee's request, the Debtors delivered the Vehicles to Ernst & Associates Auctioneers, Inc. ("Ernst"), located at 824 Kiernan Avenue, Modesto, California 95356. (Nims Decl., ¶ 2).

4. The Debtors scheduled a lien against the 2002 Cadillac Escalade in the amount of $3677 held by "Lobel Financial, 9655 P.O. Box 3000, Anaheim, CA 92803." The Trustee is unaware of any other liens on the Vehicles. (Nims Decl., ¶ 3).

### SALE OF THE PROPERTY AT PUBLIC AUCTION

5. The Trustee believes, based on his knowledge and on Ernst's evaluation of the Vehicles, that there is equity in the Vehicles and a sale of the Vehicles at public auction is the best method of liquidating them for the benefit of the estate. (Nims Decl., ¶ 4).

6. The Trustee is concurrently filing an application to employ Ernst as auctioneer.

7. The Trustee believes that by using an auction process, the Vehicles will be exposed to a large number of prospective purchasers and, for that reason, will likely be sold for the best possible price. Ernst engages in extensive advertising, including highway billboards,

television, and newspaper advertising, and it mails advertising brochures to its subscriber list of approximately 6000 people. (Nims Decl., ¶ 5).

8. If the Court approves this Motion, the Trustee intends to sell the Vehicles at public auction at Ernst's first available auction date. The Vehicles will be sold on an "AS IS" basis without any warranty. The proposed public sale will be held on the first available Saturday after the Court approves this motion, at 9:00 a.m. at Ernst's, facility at 824 Kiernan Avenue, Modesto, California 95356. Interested persons may inspect the Vehicles at Ernst on the Friday preceding the sale between 9:00 a.m. and 4:00 p.m. Information regarding the sale or subsequent sale dates, if any, may be obtained by telephoning Ernst, at (209) 527-7399. (Nims Decl., ¶ 6).

9. The Trustee intends to accept the highest reasonable bid. If, in the exercise of the Trustee's business judgment, no reasonable bid is received, the Vehicles may be held for subsequent auction or private sale without additional notice. (Nims Decl., ¶ 7).

10. The Trustee believes the sale of the Vehicles should be approved by the Court under Bankruptcy Code Section 363(b). (Nims Decl., ¶ 8).

11. It is anticipated that the 2002 Cadillac Escalade will sell for approximately $7600, which is greater than the value of the Lobel Financial lien of $3677. Therefore, the Trustee requests that the Court authorize him to sell the 2002 Cadillac Escalade under 11 U.S.C. Section 363(f)(3) conditional on the net sales price exceeding the Lobel Financial lien. (Nims Decl., ¶ 9).

**AUCTIONEER COMPENSATION**

12. As is noted in the accompanying application to employ Ernst, the Trustee requests authorization to pay Ernst a 15 percent commission and to reimburse Ernst for reasonable expenses up to $500 ($250 per vehicle) directly from the proceeds of sale, and for Ernst to collect a 12 percent buyer's fee directly from the buyer. The Trustee believes that Ernst's proposed commission is reasonable because it is anticipated that the sales price of the Vehicles will be only approximately $12,000. If the Vehicles sell for this amount, Ernst's

commission will be approximately $3240, a reasonable fee to market and sell these Vehicles. The Trustee believes that this is a customary practice for the auction sale of personal property and one which encourages the use of auction professionals to assist with bankruptcy sales of property. The Trustee will file a report of the sale with the Court. (Nims Decl., ¶ 10).

## CONCLUSION

The Trustee respectfully requests that the Court authorize the sale of the Vehicles at public auction on the terms and conditions set forth in this Motion, approve the compensation of the auctioneer on the terms and conditions set forth in this Motion (15 percent seller's commission, reimbursement of reasonable expenses up to $500, and 12 percent buyer's fee), and that it grant such other and further relief as is appropriate.

Dated: December 14, 2011          THE SUNTAG LAW FIRM
A Professional Corporation

By: _/s/ Loris L. Bakken_
LORIS L. BAKKEN
Attorneys for Chapter 7 Trustee
ERIC J. NIMS